FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2016 JAN 19 PM 12: 13

IN ADMIRALTY

CROWLEY MARITIME CORPORATION,
Plaintiff,

vs.   CASE NO.: 3:16-cv-49-J-32PDB

ATLANTIC PIPE CORPORATION,
Defendant.

_____/

## COMPLAINT

The Plaintiff, CROWLEY MARITIME CORPORATION (hereinafter "CROWLEY"), by and through its undersigned counsel files herewith this Complaint against ATLANTIC PIPE CORPORATION (hereinafter "ATLANTIC") and for cause of action *in personam* states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction in accordance with 28 U.S.C. Section 1333(1) and the principles of supplemental jurisdiction outlined in 28 U.S.C. Section 1367(a). The Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### VENUE

2. In accordance with 28 U.S.C Section 1391(b)(2), venue in this district is proper. A

substantial part of the events giving rise to the claims asserted by the plaintiff occurred within the territorial limits of the United States District Court for the Middle District of Florida, namely the Port of Jacksonville.

## THE PARTIES

3. CROWLEY MARITIME CORPORATION is a Vessel Operating Common Carrier (VOCC) that engages in international waterborne cargo transportation and logistics services. CROWLEY maintains a principal place of business in Jacksonville, Florida and is fully authorized to bring this action.

4. ATLANTIC PIPE CORPORATION is a manufacturer of concrete pipes that is organized under the laws of the Commonwealth of Puerto Rico and maintains a principal place of business in Juana Diaz, Puerto Rico.

## FACTUAL ALLEGATIONS

5. On or about February 2015, ATLANTIC requested and was subsequently approved for a business line of credit by CROWLEY. An executed copy of said Credit Application and Agreement is attached as Exhibit "A".

6. From March through November 2015, at the request and direction of ATLANTIC, CROWLEY shipped a variety of cargo, including, but not limited to, rubber gaskets, fasteners and sealant aboard ocean vessels between Jacksonville, Florida and San Juan, Puerto Rico and delivered said goods to the named consignees.

7. An account statement and two miscellaneous invoices that detail the ocean freight and

related charges agreed to by the parties are attached as Exhibit "B". Said fees are payable in accordance with the Terms and Conditions that apply to the Credit Agreement.

8. Despite repeated demands for payment, ATLANTIC has failed to remit $18,704.63 in ocean freight and related charges outlined on the account statement and invoices to CROWLEY.

9. The Terms and Conditions that govern bills of lading issued by CROWLEY are annexed as Exhibit "C".

10. As a result of the failure to pay all freight and related charges within time prescribed in the Credit Agreement, ATLANTIC is liable to CROWLEY for $4,676.15 in liquated damages.

## COUNT I – BREACH OF CONTRACT
(Bill of Lading)

11. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 10 as if fully set forth herein.

12. A valid contract was formed when CROWLEY agreed to transport cargo aboard ocean vessels between Jacksonville, Florida and San Juan, Puerto Rico in exchange for monetary compensation.

13. CROWLEY performed its contractual obligations by transporting the designated cargo and delivering the goods to the named consignees.

14. CROWLEY has performed all conditions precedent necessary to bring this action.

15. ATLANTIC committed a material breach of paragraph 21 of the Bill of Lading contract by not compensating CROWLEY for the freight and other charges incurred.

16. CROWLEY has suffered economic damages in the amount of $18,704.63.

## COUNT II – BREACH OF CONTRACT
(Credit Agreement)

17. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 10 as if fully set forth herein.

18. A valid contract was formed when CROWLEY agreed to grant a business line of credit to ATLANTIC in exchange for the promise or agreement that all freight and other charges would be paid by the Defendant within 30 days after date of sailing from the port.

19. CROWLEY performed its contractual obligations by extending credit to ATLANTIC, as well as all conditions precedent to bringing this suit.

20. ATLANTIC committed a material breach of contract by not compensating CROWLEY for the transportation charges within thirty days after the date of sailing from the port. As a result of said breach, liquidated damages in the amount of $4,676.15 are owed to CROWLEY.

21. CROWLEY has suffered damages in the amount of $23,380.78. Said damages include $18,704.63 in ocean freight and related charges plus $4,676.15 in liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, CROWLEY prays for judgment on its Complaint as follows:

A. Damages in the amount of $18,704.63 for ocean freight and related transportation charges incurred as a result of the shipments of cargo made by CROWLEY between Jacksonville, Florida and San Juan, Puerto Rico.

B. Liquidated Damages in the amount of $4,676.15 which represents 25% of the unpaid freight charges in accordance with the Credit Application & Agreement Terms and Conditions.

C. Taxable Costs and disbursements of this action.

D. Any such other and further relief as this Court deems just and proper.

Dated: Key Biscayne, Florida
January 15, 2016

THOMAS V. HALLEY, P.A.

By: /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorney for Plaintiff
251 Galen Dr., #302E
Key Biscayne, FL 33149
Tel. 305 469-0507
thalley@shiplaw.net